THIERMAN LAW FIRM, P.C.
MARK R. THIERMAN (SBN 72913)
JOSHUA D. BUCK (SBN 12187)
7287 Lakeside Drive
Reno, NV 89511
Telephone: 775.284.1500
Facsimile: 775.703.5027

ERIC M. EPSTEIN, APC
ERIC M. EPSTEIN (CA SBN 64055)
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067
Telephone: 310.552.5366
Facsimile: 310.556.8021

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES WARREN ASH, TIMOTHY E. HARRIS, DAVID TROY STREVA, AND TIMOTHY D. BUTLER, on behalf of themselves, the general public, and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>BAYSIDE SOLUTIONS, INC., a California corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 3:14-cv-02183-WHO<br>Judge: William H. Orrick, Dept. 2<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND FOR AN ORDER CIRCULATING NOTICE PURSUANT TO 29 U.S.C. § 216(b)**<br><br>(Declarations of Timothy E. Harris and Eric M. Epstein are filed concurrently herewith)<br><br>Date:      January 21, 2015<br>Time:     2:00 p.m.<br>Courtroom:   2 |

# **TABLE OF CONTENTS**

I.  Introduction………………………………………………………………………1

II. Bayside's "Clerical Error" Is Immaterial To Plaintiffs' Allegations
    That Bayside Willfully Failed To Pay Overtime To Plaintiffs
    And Putative Collection Action Members…………………………………3

III. Contrary To  Bayside's Position, Plaintiffs Are Not Required
     To *Prove* A Violation Of The FLSA AT The Conditional
     Certification Stage……………………………………………………..5

IV. Bayside's Arguments Related To Potential Affirmative
    Defenses And Merits Are Not Appropriate For Consideration
    For Conditional Certification…………………………………………7

V.  Plaintiffs Have Established They Are Similarly Situated For
    Purposes of Conditional Certification………………………………8

    A. Bayside's Arguments That Plaintiffs Have Not Established
       Personal Knowledge They Are Similarly Situated To
       Others Is Premature……………………………………………8

    B. Bayside Improperly Imparts The Burden On Plaintiffs To
       Establish Employees Were Misclassified Thereby Not Showing
       Similarly Situated……………………………………………10

    C. Bayside Has Not Disputed Plaintiffs Are Similarly Situated To
       Potential Collective Action Members………………………10

VI. The Claims Are Currently Tolled Pursuant To An Agreement
    Of The Parties And Continuing Such Tolling During The
    Pendency Of This Motion Is Appropriate To Promote Fairness……….12

VII. Notice To Potential Opt-In Plaintiffs………………………………...13

    A. The Notice Should Remove Claims For Unpaid Regular Rate
       And Minimum Wage…………………………………………13

- i -

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

**B.** Statute Of Limitations Period...................................................13

**C.** Opt-In Plaintiffs Should Not Be Required To Provide Their
Actual Dates Of Employment............................................…..14

**D.** Notice Should Not Inform Collective Action Members Of Right
To Independent Counsel...................................................14

**E.** Opt-In Deadline..................................................................14

**F.** Notice Should Include Case Caption............................................15

**VIII.** Conclusion....................................................................15

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

# TABLE OF AUTHORITIES

## Cases

*Adams v. Inter-Con Sec. Sys., Inc.,* 242 F.R.D. 530,(N.D.Cal.2007) ..............11, 12, 14, 15

*Aguayo v. Odenkamp Trucking,* 2005 WL 2436447 (E.D.Cal. Oct. 3, 2005) ....................9

*Alvarez v. Farmers Ins. Exch.,* 2014 WL 4685031
  (N.D.Cal.Sept. 19, 2014)...............................................................................2, 6, 7, 8, 12,

*Benedict v. Hewlett-Packard.* 2014 WL 587135 (N.D.Cal. Feb. 13, 2014) ....................14

*Boyd v. Bank of American Corp.,* 2013 WL 6536751 (C.D.Cal.) ...................................7, 8

*Davis v. Social Security Coordinators, Inc.,* 2012 WL 3744657
  (E.D.Cal. Aug. 28, 2012) ...........................................................................................9

*Deatrick v. Securitas Sec. Svcs. USA, Inc.,* 2014 WL 5358723
  (N.D.Cal., Oct. 20, 2014).............................................................................................5

*Dominguez v. Schwarzenegger,* 270 F.R.D. 447 (N.D.Cal.2010) ........................................9

*Ferrell v. ConocoPhillips Pipeline Co.,* 2010 WL 1946896 (C.D.Cal.) ..........................11

*Flores v. Velocity,* 2013 WL 2468362 (N.D. Cal.).............................................................15

*Harris v. Vector Mktg. Corp.,* 716 F.Supp.2d 835, 837 (N.D.Cal.2010) ............................2

*Hensley v. Eppendorf No. Amer., Inc.,* 2014 WL 2566144 (S.D.Cal.).....................3, 6, 10

*Hill v. R+L Carriers, Inc.,* 690 F.Supp.2d 1001 (N.D.Cal.2009)..........................................1

*Kellgren v. Petco Animal Supplies, Inc.,* 2014 WL 2558688 (S.C.Cal.)...........................13

*Lewis v. Wells Fargo & Co.,* 669 F.Supp.2d 1124 (N.D.Cal.2009) ....................................2

*Sanchez v. Sephora USA, Inc,,* 2012 WL 2945753 *2 (N.D.Cal., July 28, 2012)..............1

*Santiago v. Amdocs, Inc.,* 2011 WL 6372348 (N.D.Cal.) .........................................3, 5, 12

*Small v. Univ. Med. Ctr of Southern Nev.,* 2013 WL 3043454 (D.Nev.) ..........................12

*Stanfield v. First NLC Financial Svcs., LLC,* 2006 WL 319527 (N.D.Cal.) ......................7

*Stickle v. SCI Western Mkt. Supp. Ctr.,* 2009 WL 3241790 (D.Ariz.) ................................6

*Stransky v. HealthONE of Denver, Inc.,* 868 F.Supp.2d 1178 (EDNY 2011)...................13

*Syed v. M.I., LLC,* 2014 WL 6685996 (E.D.Cal. Nov. 26, 2014)........................................9

*Wellens v. Daiichi Sankyo, Inc.,* 2014 WL 2126877 (N.D.Cal.),
  May 22, 2014 – Orrick.........................................................................2, 6, 7, 11, 12

*Yahraes v. Restaurant Assocs. Events Corp.,* 2011 WL 844963 (EDNY 2011) ...............12

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

*Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 55-56 (SDNY 2005).....................3, 5, 7

*Zavala v. Wal-Mart Stores, Inc.,* 691 F.3d 527 (3d Cir. 2012)...............................................8

**FEDERAL STATUTES**

29 U.S.C. §207(a)(1)...............................................................................................1, 7
29 U.S.C. §216(b)....................................................................................................5, 7

**FEDERAL RULES**

Federal Rules of Evidence 701 ...............................................................................9

Federal Rules of Civil Procedure Rule 23 .............................................................3

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Under the FLSA:  "[N]o employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of forty hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. §207(a)(1).   The express terms of the Standard Employment Agreement that Defendant, Bayside Solutions, Inc. ("Bayside"), had the Plaintiffs and potential collective action members sign indicate a violation of the FLSA.  The offending language is as follows:

"You acknowledge and understand that you are employed and paid on a per hour basis, weekly and on Friday.  For each hour of work performed by you under this Agreement, we will pay you at your regular exempt (no overtime) rate."[1]

On its face, the contract expressly states employees are hourly employees and will be paid for all hours worked only at their regular rate of pay.  Plaintiffs' proposed opt-in class is limited to all those employees who signed a Standard Employment Agreement with Bayside that includes this provision, worked more than forty hours in a workweek, and were not paid for those hours at one and one-half their regular rate of pay.  Plaintiffs need only make a "modest" showing that the potential class members may be "similarly situated" by setting forth substantial allegations they were the "victims of a common decision, policy or plan"[2] or there exists some other "factual nexus" between their claims.[3]  Plaintiffs have stated a violation of the FLSA as set forth by Bayside in its own Standard Employment Agreement and that those employees who signed such an agreement are/were victims of a common plan, policy or practice.

---

[1] *See* Exs. "1" to Declarations of Plaintiffs Ash, Harris, Streva and Butler which were submitted concurrently with Plaintiffs' Motion for Conditional Certification.
[2] *E.g. Sanchez v. Sephora USA, Inc.,* 2012 WL 2945753 *2 (N.D.Cal., July 28, 2012)
[3] *Hill v. R+L Carriers, Inc.,* 690 F.Supp.2d 1001, 1009 (N.D.Cal.2009).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

Bayside loses site of the limited purpose and effect of a Motion for Conditional Certification and seeks to misdirect the Court's attention to an improper inquiry by imparting on Plaintiffs the burden of proving merits and disproving affirmative defense arguments expressly reserved for the second phase of this process.[4] The arguments raised by Bayside have been rejected time and again, including by this Court. *See Wellens v. Daiichi Sankyo, Inc.,* 2014 WL 2126877 (N.D.Cal.), May 22, 2014 – Orrick. For example, Bayside argues that Plaintiffs have failed to meet its minimal burden by demonstrating it violated the FLSA by misclassifying employees.[5] Not only is this argument inappropriate at the conditional certification stage, but the burden of raising this affirmative defense and proving employees are properly classified as exempt rests with Bayside, not the Plaintiffs.

Finally, Bayside disingenuously attempts to represent to the Court Plaintiffs' class is limited to 7 individuals and claim it mistakenly provided the Standard Employment Agreement containing the alleged violating clause, then rectified the situation.[6] First Bayside tries to assert Plaintiffs' class claims only involve those employees placed by Bayside to work for Chevron. This is not the case. Plaintiffs' allegations involve all those employees nationwide, regardless of where they were placed by Bayside, who signed Bayside's Standard Agreement as defined in Plaintiffs' Complaint.[7] Bayside argues that the Standard Employment Agreement signed by Plaintiffs was the result of a "clerical error" and is limited to 7 individuals including the Plaintiffs.[8] But Bayside fails to address the fact the Plaintiffs and other potential collective action members were subject to payment according to the terms of the Standard Employment Agreement alleged in

---

[4] Courts in the Ninth Circuit have adopted the two-tier approach for determining whether a class is similarly situated. *Alvarez v. Farmers Ins. Exch.,* 2014 WL 4685031 * 2 (N.D.Cal.Sept. 19, 2014); *Harris v. Vector Mktg. Corp.,* 716 F.Supp.2d 835, 837 (N.D.Cal.2010); *Lewis v. Wells Fargo & Co.,* 669 F.Supp.2d 1124, 1127 (N.D.Cal.2009).
[5] *See* Defs. Opp., Doc. #29, pp. 1, 10-11.
[6] *See* Defs. Opp., Doc. #29, p. 6-7.
[7] Ntc. Of Removal, Doc. #1-1, Ex. 1.
[8] *Id.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

Plaintiffs' complaint prior to November 2013, which is when Bayside alleges it rectified the clerical error as to two of the named Plaintiffs, i.e., Butler and Harris, as well as two other employees placed with Chevron. Bayside also admits the compensation set forth in the Standard Employment Agreement which is the subject of Plaintiffs allegations was applicable to other employees beyond the named Plaintiffs, and therefore admits Plaintiffs are similarly situated to other potential class members.

Virtually all of Bayside's arguments are more appropriately raised in the Rule 23 or decertification stage. As many courts have recognized, the appropriate course of action is to authorize the notice, see who the putative class consists of, wait for discovery to close and then see how the facts bear out.[9]

## II. BAYSIDE'S "CLERICAL ERROR" IS IMMATERIAL TO PLAINTIFFS' ALLEGATIONS THAT BAYSIDE WILLFULLY FAILED TO PAY OVERTIME TO PLAINTIFFS AND PUTATIVE COLLECTIVE ACTION MEMBERS

Plaintiffs' proposed FLSA class in this action is defined as follows:
"[A]ll current or former employees employed by Defendant within three years of the filing of this complaint until the date of judgment, pursuant to the Standard Employment Agreement, who performed work in excess of forty hours in one week, and did not receive overtime compensation as required by Federal law."[10]

Bayside attempts to define Plaintiffs' proposed FLSA class as only those employees placed with Chevron.[11] However, as the above class definition shows, it clearly goes beyond those placed with one client of Bayside and applies to all employees subject to the Standard Employment Agreement that expressly states

---

[9] *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 55-56 (SDNY 2005); *Santiago, supra v. Amdocs, Inc.*, 2011 WL 6372348 * 5 (N.D.Cal.).

[10] *See* Plaintiffs' Complaint for Damages, Ntc. Of Removal, Ex. 1, Doc. #1-1 p. 5:6-9. Although Plaintiffs currently seek to file a First Amended Complaint, the class definition remains the same.

[11] *See Hensley v. Eppendorf North Amer., Inc.*, 2014 WL 2566144 *5 (S.D.Cal.2014) [Court refused to deny certification based on an employer's "self-serving claims regarding the number of class members".]

- 3 -

the employee will receive no overtime pay for hours worked in excess of 40 in a workweek.

Next, Bayside argues that because it caught and rectified a "clerical" error in the Compensation clause in the Standard Employment Agreement for Plaintiffs and three other Chevron contract employees, it has not violated the law.[12] Bayside states the claims of Plaintiffs and 3 other individuals were provided the wrong "Standard Employment Agreement" by Bayside.[13] In October/November 2013 when it discovered the alleged wrong "Standard Agreement" was used for Plaintiffs and these other employees, they sought to have them sign an amended agreement.[14] Bayside's implication the Agreement at issue only applies to employees placed with Chevron is disingenuous as in the same Declaration submitted in its Opposition, Bayside admits the Standard Employment Agreement referenced in Plaintiffs complaint is a "template" used for other employees placed by Bayside.[15] These would be employees included in Plaintiffs' proposed class and would be similarly situated to Plaintiffs. Further, a former recruiter for Bayside informed Plaintiff Harris that the Standard Employment Agreement at issue in Plaintiffs' allegations was signed by many other employees who were not placed with Chevron.[16]

Bayside's admission that it initially agreed to employ and paid Plaintiffs and other individuals as "hourly employees" supports Plaintiffs' argument that Plaintiffs and other individuals who signed the initial Standard Employment Agreement are similarly situated. Bayside also fails to address the time prior to the signing of the "amended" agreement during which all Plaintiffs worked under a

---

[12] Defs. Opp., pp. 6-7.
[13] Bayside argues its agreement is not "standard" but the document itself is entitled "Standard Employment Agreement".
[14] Tellingly, Bayside did not produce an amended agreement for Plaintiff Streva who was currently employed by Bayside and working for Chevron at the time and in fact never did sign an amended Agreement. *See* Streva Dec. In Support of Conditional Certification, Doc. #26-5, ¶4.
[15] Defs. Opp., Koeplin Dec., ¶8
[16] Dec. of Plaintiff Timothy Harris In Support of Reply ("Harris Reply Dec."), ¶¶4-5. This declaration is offered to impeach the declaration of Ms. Koeplin.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

contract stating they were hourly employees and would not paid for time worked in excess of 40 hours a week.[17]   Plaintiffs have submitted evidence they worked in excess of 40 hours per week during that time.[18]   Bayside submitted pay records for these Plaintiffs showing they were not paid for more than 40 hours per week.[19] The amended agreement does not negate those Plaintiffs' claims for overtime pay prior to signing it, or the fact Plaintiffs and other employees similarly situated were paid an hourly rate for only 40 hours per week and not paid overtime pay for hours worked in excess of 40 hours per week.[20]

## III.   CONTRARY TO BAYSIDE'S POSITION, PLAINTIFFS ARE NOT REQUIRED TO *PROVE* A VIOLATION OF THE FLSA AT THE CONDITIONAL CERTIFICATION STAGE

Bayside asserts Conditional Certification cannot be granted because Plaintiffs have not proven a violation of the law.[21]   Bayside presents no authority that showing a common policy or plan "violates the law" is a requirement for certification.   In fact, the opposite is true.   "The focus of the inquiry, however, is not whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. §216(b) with respect to their allegations that the law has been violated."   216(b) with respect to their allegations that the law has been violated."   *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (SDNY 2005); *Santiago v. Amdocs, Inc.,* 2011 WL 6372348 *6 (N.D.Cal., Dec. 19, 2011), citing *Young, supra*); *Deatrick v. Securitas Sec. Svcs. USA, Inc.,* 2014 WL 5358723 *4 (N.D.Cal., Oct. 20, 2014) ["…the only question is whether the proposed plaintiffs are similarly situated 'with respect to their allegations that the law has been violated'."] "Whether the plaintiffs can *prove* that

---

[17] Plaintiffs have submitted proof they worked more than 40 hours per week for Defendant as hourly workers and were not paid for overtime pay for time worked
[18] Harris Dec., Doc. #26-4, Ex. 4; Streva Dec., Doc. #26-5, Ex. 2; Butler Dec., Doc. #26-2, Ex. 2; Ash Dec., Doc. #26-2, Ex. 2.
[19] *See* Koeplin Dec. In Support of Defs. Opp., Doc. #29-2, Exs. A-D.
[20] Harris Reply Dec., ¶¶4-5.
[21] Defs. Opp., p. 10 and pp. 11-13.

- 5 -

[defendant] in fact had a policy that violates FLSA remains to be seen, but that is not a question at this stage." *Alvarez v. Farmers Ins. Exch.,* 2014 WL 4685031 * 3 (N.D.Cal., Sept. 19, 2014).   The question is whether there is a reasonable basis to conclude there are potentially similarly-situated class members who would benefit from notice of the action. *Wellens v. Daiichi Sankyo, Inc.,* 2014 WL 2126877 *4 (N.D.Cal. May 22, 2014).   Plaintiffs need only show there is a factual nexus that binds Plaintiffs and putative collective action members.[22]

Plaintiffs and other employees who were subject to Defendant's Standard Employee Agreement were expressly paid hourly by Defendant and expressly not paid time and a half their regular rate for hours worked in excess of 40 per week.[23] Plaintiffs were not the only employees subject to this particular compensation clause as admitted by Defendant.   Ms. Koeplin states in her declaration that the "clerical" error occurred because an employee used the template for the "Computer Professionals Agreement" in relation to some Plaintiffs placed at Chevron.[24]   These employees who were provided the Standard Employment Agreement for work performed for other customers of Bayside are admittedly similarly situated to Plaintiffs and other Bayside employees subject to this standard contract language by which they were paid only their regular hourly rate for all hours worked, including overtime.   Moreover, as set forth in the Harris Declaration submitted in support of this Reply, a former employee of Bayside, who was a Technical Recruiter, informed him that the Standard Employment Agreement was sent to many employees in addition to the employees assigned to Chevron, including employees in construction.

---

[22] *Hensley v. Eppendorf No. Amer., Inc.,* 2014 WL 2566144 * 6 (S.D.Cal.);*Stickle v. SCI Western Mkt. Supp. Ctr.,* 2009 WL 3241790 * 6 (D.Ariz.)
[23] Harris Dec., Doc. #26-4, Ex. 1; Streva Dec., Doc. #26-5, Ex. 1; Butler Dec., Doc. #26-2, Ex. 1; Ash Dec., Doc #26-2, Ex. 1.
[24] Koeplin Dec., Doc. #29-2, p. 4:13-14.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

Failure to pay hourly employees one and one half times their regular rate of pay for hours worked in excess of 40 hours in a week is a violation of the FLSA. 29 U.S.C. §207(a)(1).  Therefore, Plaintiffs have alleged a common policy or plan (the Standard Employee Agreement) that Plaintiffs allege violates the law.

## IV.  BAYSIDE'S ARGUMENTS RELATED TO POTENTIAL AFFIRMATIVE DEFENSES AND MERITS ARE NOT APPROPRIATE FOR CONSIDERATION FOR CONDITIONAL CERTIFICATION

A closer look at Defendant's Opposition reveals it is an attempt to have the Court engage in a merits analysis.  For example, Bayside argues certification cannot be granted because Plaintiffs have failed to provide any evidence or facts that Plaintiffs and potential collective action members were misclassified as exempt.[25]  Exemption from the payment of overtime is an affirmative defense that is raised by an employer.  It is firmly established that consideration of affirmative defenses or other merits arguments are not to be evaluated at the conditional certification stage.[26] During the first step of the determination of whether a class is similarly situated, the court determines whether the potential class members would benefit from receiving notice of the pendency of the action.  *Wellens, supra* at *1 (N.D.Cal. May 22, 2014)  During the second step, after discovery is complete and typically in response to a decertification motion, the court reviews several factors including disparate factual and employment settings of the individual plaintiffs and the defenses available to the defendant.  *Alvarez v. Farmers, supra* at *2 (N.D.Cal. Sept. 19, 2014).

Here, Bayside does not dispute Plaintiffs and other similarly situated employees subject to the Standard Employee Agreement were not paid wages at the overtime rate for overtime worked.  The cases cited by Bayside are not

---

[25] Def. Opp., pp. 10-11.
[26] *Young, supra* at 54; *Stanfield v. First NLC Financial Svcs., LLC,* 2006 WL 319527 * 4 (N.D.Cal.) [Court rejected Defendant's assertion exemptions from payment of overtime defeats conditional certification]; *Boyd v. Bank of American Corp.,* 2013 WL 6536751 *3 (C.D.Cal.) [consideration of defendant's exemption defense better suited for second step of the §216(b) analysis.]

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE

analogous to the claims in this case.  In this matter, Plaintiffs allege they signed a contract with Bayside stating Bayside would pay them on an hourly basis and would not pay time and a half their regular rate for hours worked in excess of 40 per week.  Bayside did not pay Plaintiffs or other employees who signed the Standard Employee Agreement overtime pay as required by the FLSA.  To the extent Bayside argues an exemption to the FLSA overtime pay requirement exists, it is Bayside's burden to raise and prove that defense which is to be done at the second stage of the certification process, not at conditional certification.

## V.   PLAINTIFFS HAVE ESTABLISHED THEY ARE SIMILARLY SITUATED FOR PURPOSES OF CONDITIONAL CERTIFICATION

Bayside defines "similarly situated" as showing "'...one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA,' such that liability and damages need not be 'individually proven.'"[27]  The case relied on by Defendant for this proposition was one that had been pending for 8 years and was on appeal to the Third Circuit Court of Appeals after the case was decertified. *Zavala, supra* at 531.   The applicable standards during the conditional certification stage are much more lenient than those during the decertification stage.  During this stage, Plaintiffs need only make substantial allegations they "were victims of a common policy or plan that violated the law". *Alvarez, supra* at *2 (N.D.Cal.2014); *Boyd, supra* at *3 (C.D.Cal.2013).  Plaintiffs have done so here by alleging Plaintiffs and other potential collective action members were subject to the same Standard Employment Agreement which expressly stated they were hourly-paid employees and were not paid overtime for hours worked in excess of 40 hours per week in violation of the FLSA.  Therefore, Plaintiff and potential collective action members are similarly situated.

---

[27] Defs. Opp., p. 14:1-4.  Citing *Zavala v. Wal-Mart Stores, Inc.,* 691 F.3d 527, 538 (3d Cir. 2012).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE

### A.   Bayside's Arguments That Plaintiffs' Have Not Established Personal Knowledge They Are Similarly Situated to Others Is Premature

Bayside then claims generally that Plaintiffs have not established "personal knowledge" that they are similarly situated to other putative collective action members.[28]   Bayside appears to be attacking the Plaintiffs' declarations as not compliant with Federal Rules of Evidence 701 – lay opinions.

The prevalent practice in this Circuit is that evidentiary rules are not strictly applied at certification and courts can consider evidence that may not be admissible at trial.  *Syed v. M.I., LLC,* 2014 WL 6685996 *6 (E.D.Cal. Nov. 26, 2014) [court overruled defendant's objection to plaintiffs' declaration that set forth information obtained in conversations with other employees]; *see also Davis v. Social Security Coordinators, Inc.,* 2012 WL 3744657 *7 (E.D.Cal. Aug. 28, 2012); *Dominguez v. Schwarzenegger,* 270 F.R.D. 447, 483 n5 (N.D.Cal.2010). This is so because conditional certification is not a dispositive motion such as summary judgment. *Davis, supra* at *6.   Therefore hearsay and foundational challenges are not applied at this stage. *Aguayo v. Odenkamp Trucking,* 2005 WL 2436447 *4 (E.D.Cal. Oct. 3, 2005).

Further, Defendant's own evidence establishes Plaintiffs are not the only ones and Chevron is not the only client whose contractors were required to sign the Standard Employee Agreement.  Defendant's declarant, Ms. Koeplin, states in her declaration that the agreement signed by Plaintiffs is a "template" used for other Bayside employees.[29]   Since Plaintiffs allege a class containing all Bayside employees who signed the Standard Employee Agreement the employees who were provided and signed this "template" referenced in Ms. Koeplin's declaration is evidence that further supports the fact Plaintiffs are similarly situated to other Bayside employees.  In addition, Harris' Reply Declaration constitutes additional

---

[28] Defs. Opp., pp. 14-15.
[29] Defs. Opp., Koeplin Dec., Doc. #29-2, ¶8.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

evidence indicating the Standard Employment Agreement at issue was used outside of Chevron, which said Declaration also impeaches Ms. Koeplin's statement to the contrary.[30]

**B.    Bayside Improperly Imparts the Burden On Plaintiffs To Establish Employees Were Misclassified Thereby Not Showing Others Similarly Situated**

Bayside asserts Plaintiffs have not presented evidence that they are similarly situated to other putative collective action members who were misclassified.[31] Bayside again mischaracterizes Plaintiffs' proposed class to only include those employees Bayside assigned to work at Chevron. As shown again below, that is not the case.

Plaintiffs' class is not based on Bayside's classification of employees as exempt. Plaintiffs' proposed class encompasses current and former employees employed by Defendant who, pursuant to the Standard Employment Agreement, were paid on an hourly basis, performed work in excess of 40 hours in one week, and did not receive overtime compensation.[32] By the express language in the Standard Employment Agreement, these are hourly paid workers. They are not, on their face, exempt employees. Further, since there has been no opportunity to opt into this action, we do not yet know which employees will choose to participate and which of those employees Bayside will claim, if any, are exempt from the overtime requirement of the FLSA. As it is premature at this time to address Bayside's affirmative defenses, whether or not it is ultimately shown Plaintiffs or some other employees are exempt is irrelevant and expressly reserved for the second stage of the certification process.[33]

**C.    Bayside Has Not Disputed Plaintiffs Are Similarly Situated To Potential Collective Action Members**

---

[30] Harris Reply Dec., ¶¶4-5.
[31] Defs. Opp., pp. 15-16.
[32] Pltfs. Complaint, Ntc. Of Removal, Ex. 1, Doc. #1-1, p. 5:6-9.
[33] *See Hensley, supra* at *6 (S.D.Cal.2014) [defenses available to defendant are addressed during the second stage];

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE

Baysides attempt to re-characterize this action as one involving all employees classified by Bayside as exempt, thus the weight of authority relied upon is specific to those types of cases. In reality, this case involves employees who pursuant to their contracts with Bayside, were paid hourly and were expressly denied overtime pay for time worked in excess of 40 hours per week and worked more than 40 hours in a week.[34]

Where employees are governed by the same pay policies, this fact alone shows putative collective action members were subject to a single illegal policy plan or decision, regardless of job duties. *Wellens v. Daiichi Sankyo, Inc., supra* 2014 WL 2126877 *5 (N.D.Cal.); *Adams v. Inter-Con Sec. Sys., Inc.,* 242 F.R.D. 530, 536 (N.D.Cal.2007); *Ferrell v. ConocoPhillips Pipeline Co.,* 2010 WL 1946896 *5. Analogous to this case, in *ConocoPhillips*, plaintiffs brought a collective action alleging the pay policy stated in the Collective Bargaining Agreement ("CBA") violated the FLSA.[35] *Id.* at 4. The Court found that "it takes no great leap from Plaintiff's claim that the pay policy dictated by the CBAs violate the FLSA to a conclusion that many other employees could make the same claim." *Id.* at *5. The court went onto state the legal issue that would resolve the claims of Plaintiffs and all collective action members is simple: does the pay policy set forth in the contract violate the FLSA. *Id.*

In this case, Plaintiffs allege the policy set forth in the Standard Employment Agreement, as defined in Plaintiff's Complaint, violates the FLSA. Plaintiffs have further alleged when they worked for Defendant, they were hourly employees, they worked more than 40 hours in a work week and were not paid time and half their regular rate of pay for time worked in excess of 40 hours.[36] At this stage of the

---

[34] *See* Pltfs. Motion for Conditional Cert., Doc. #26, pp. 5:1-20, 6, Sect. II.B, 12:3-17.

[35] The court ordered further briefing before determining whether certification was appropriate and in the interim, a settlement was reached. "…the court has no trouble concluding that a claim regarding a pay policy embodied in CBAs is a claim likely to be shared by many employees."

[36] Pltfs. Mtn. for Cond. Cert., Ash Dec., Doc.#26-2, ¶¶5-7; Butler Dec., Doc. #26-2, ¶¶5-7; Harris Dec., Doc. #26-4, ¶¶5-7; Streva Dec., Doc. #26-5, ¶¶5-7.

- 11 -

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

proceedings, job titles and duties have no part in the determination of whether the putative collective members are similarly situated to the Plaintiffs.[37]

## VI. THE CLAIMS ARE CURRENTLY TOLLED PURSUANT TO AN AGREEMENT OF THE PARTIES AND CONTINUING SUCH TOLLING DURING THE PENDENCY OF THIS MOTION IS APPROPRIATE TO PROMOTE FAIRNESS

On July 29, 2014, the Parties entered into an Agreement to toll the statute of limitations for purposes of settlement discussions.[38] The Agreement provides for tolling to be in effect from July 22, 2014 until either (30) days after completion of mediation in this Matter", or until "after either party give written notice of cancellation to the other, whichever is later." *Id.*, ¶2. Neither party has provided written notice of cancellation of this tolling agreement. Therefore, the statute of limitations is still tolled for potential collective action member claims. *Id.*

Plaintiffs merely request the Court extend the already in place tolling through the end of the opt-in period of approximately 90 days.

The time required for a court to rule on a motion for conditional certification in an FLSA collective action can constitute "extraordinary circumstances" for purposes of equitable tolling. *Yahraes v. Restaurant Assocs. Events Corp.,* 2011 WL 844963 *2 (EDNY 2011). It is typical for courts to toll the statute of limitations during the pendency of the motion for conditional certification through the time the notice is sent to potential opt-in plaintiffs because a necessary step in that process requires defendant to provide the contact information. Tolling the statute is a "counter to the advantage defendants would otherwise gain by withholding potential plaintiffs' contact information until the last moment." *Adams, supra* at 543[39]. Bayside will not be prejudiced since it has been aware of

---

[37] *Alvarez v. Farmers Ins. Exch., supra* 2014 WL 4685031 * 3 (N.D.Cal.) [disparate factual and employment settings of plaintiffs is a matter to be determined at the second stage], citing *Wellens, supra* at *5.
[38] Epstein Supp. Dec., Ex. 1
[39] *See also Small v. Univ. Med. Ctr of Southern Nev.,* 2013 WL 3043454 *4 (D.Nev.); *Santiago v. Amdocs, supra* 2011 WL 6372348 *8 (N.D.Cal. Dec. 9, 2011).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

the potential scope of liability when the complaint was filed. *Kellgren v. Petco Animal Supplies, Inc.,* 2014 WL 2558688 (S.D.Cal.) at *4; *Stransky v. HealthONE of Denver, Inc.,* 868 F.Supp.2d 1178, 1181-82 (EDNY 2011). Further, Bayside previously agreed to toll the claims pursuant to an Agreement and that Agreement remains in effect, so they cannot now argue prejudice.

Plaintiffs' request is extremely narrow and only encompasses the time this motion has been pending through May 5, 2015.[40]   This narrow request is reasonable and promotes fairness to both parties.

## VII.   NOTICE TO POTENTIAL OPT-IN PLAINTIFFS

Bayside raises several arguments for revisions to Plaintiffs' proposed notice. Plaintiffs agree to some of the proposed revisions and a Revised Proposed Notice reflecting those revisions and the others discussed herein is submitted as Exhibit A to this Reply.

**A.    The Notice Should Remove Claims for Unpaid Regular Rate and Minimum Wage:** Plaintiffs' reference to minimum wage or regular rate on page 3, "Statute of Limitations..." will be deleted.

**B.    Statute of Limitations Period:** Bayside disputes the timeframe for potential plaintiffs to qualify for participation stating the period should be three years from the date the notice is sent.  However, Bayside fails to account for the time period in which the parties had agreed to toll the statute of limitations in order to informally discuss settlement.[41]    As set forth above, a tolling agreement has been in place tolling the claims from July 22, 2014 to the present.[42]   If the Court issues an order to continue tolling the statute of limitations, the period of qualification should be July 22, 2011.[43]   If the Court declines to toll the statute to

---

[40] The Court issued a Case Management Order on Dec. 2, 2014, Doc. #24.  Epstein Supp. Dec., Ex. 2.  In that Order, the Court set the deadline to add/delete parties as May 15, 2015.  Plaintiffs propose May 5, 2015 as the opt-in deadline to accommodate for mailing by potential plaintiffs.
[41] Supp. Dec. of Eric Epstein, Ex. 1
[42] *See* Sect. IV above.
[43] This was calculated by going back 3 years from the date the claims were tolled to May 5, 2015, the proposed opt-in deadline.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

the end of the opt-in period, the qualification timeframe for individuals to participate should be adjusted accordingly.

**C.    Opt-In Plaintiffs Should Not Be Required To Provide Their Actual Dates of Employment:** Bayside claims opt-in plaintiffs should be required to provide their actual dates of employment to ensure they are properly included.[44] Bayside has cited no case that claims this is a requirement. In addition, the more accurate reflection of this information will be provided by Bayside when it produces the potential collective action member list, therefore it should not be required to be provided by opt-in plaintiffs.[45]

**D.    Notice Should Not Inform Collective Action Members of Right to Independent Counsel:** Bayside contends potential collective action members should be informed they have a right to independent counsel. Bayside has cited no authority that requires the Court to include such a statement, and in fact, there is authority warning against such inclusion. In *Adams v. Inter-con, supra* at 541, the Court stated:

> "There is good reason why defendant's proposed language should not be included. Suggesting that a plaintiff may opt in and bring her own lawyer along would lead to confusion, inefficiency and cumbersome proceedings. If a class member wishes to have her own lawyer, she need not opt-in; she can hire her own lawyer and proceed with her own action."

The court went on to say having a class action with numerous counsel would make the lawsuit impractical and denied defendant's request to include such language. For the same reasons, Plaintiffs respectfully disagree such language should be included.

**E.    Opt-In Deadline:** Bayside proposes a 45-day opt-in deadline. Plaintiffs request an approximately 90 day opt-in deadline which is consistent with this district's practice. *Benedict v. Hewlett-Packard.* 2014 WL 587135 *13

---

[44] Defs. Opp., p. 20
[45] *Flores v. Velocity Exp., Inc.,* 2013 WL 2468362 *9 (N.D. Cal.).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE

(N.D.Cal. Feb. 13, 2014) [60-90 days appears to be the presumptive standard in this District. [citations omitted]].  Plaintiffs propose May 5, 2015 (approximately 90 days from when the Notice will be mailed) which is consistent with the deadline previously set by the Court to add new parties and which will provide members to receive the notice, accommodate additional time for individuals who have moved, for members to ask questions of Plaintiffs' counsel and make an informed choice. *Id.*

**F.  Notice Should Include Case Caption:**  Bayside argues the case caption should not be included on the Notice claiming it could be misunderstood as judicial endorsement.[46]  Bayside again cites no authority that makes this a requirement and in fact, notices typically include the case caption.  *Flores v. Velocity Exp., Inc.,* 2013 WL 2468362 *9 (N.D. Cal.); *Adams, supra* at 540.   Further, potential members are being asked if they desire to "join the lawsuit".  Therefore, a caption makes clear it is a pending lawsuit and will assist individuals in making a fully informed decision.

## VIII.    CONCLUSION

For the reasons set forth herein and in Plaintiffs' Motion for Conditional Certification, Plaintiffs respectfully request the Court grant Plaintiffs' Motion in its entirety and continue tolling the statute of limitations to May 5, 2015.

Dated: January 7, 2015

THIERMAN LAW FIRM, P.C.
ERIC M. EPSTEIN, APC

By: _____
Eric M. Epstein
Attorneys for Plaintiffs

---

[46] Defs. Opp., p. 21.

- 15 -

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE

**EXHIBIT A**

Eric M. Epstein, SBN 64055
Eric M. Epstein, APC
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067-6002
310/552-5366

Mark R. Thierman, SBN 72913
Joshua D. Buck, SBN 258324
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511
775/284-1500

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES WARREN ASH, TIMOTHY E. HARRIS, DAVID TROY STREVA, AND TIMOTHY D. BUTLER, on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYSIDE SOLUTIONS, INC., a California corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:14-cv-02183-WHO<br>Judge: William H. Orrick<br><br>**[PROPOSED] AMENDED NOTICE OF PENDENCY OF FLSA COLLECTIVE ACTION LAWSUIT** |

TO: All current and former employees of Bayside Solutions, Inc. ("Bayside") who were employed by Bayside at any time from July 22, 2011 to the present pursuant to Bayside's Standard Employment Agreement which contained the following provision:

"Compensation. You acknowledge and understand that you are employed and paid on a per hour basis, weekly and on Fridays. For each hour of work performed by you under this Agreement, we will pay you at your Regular Exempt (no overtime) rate."

RE: Fair Labor Standards Act lawsuit filed against Bayside.

### INTRODUCTION

The purpose of this notice is to:

1) Inform you of the existence of a lawsuit seeking recovery of unpaid overtime compensation under the FLSA in which you may be "similarly situated" to the named Plaintiffs, James Warren Ash, Timothy E. Harris, David Troy Streva, and Timothy D. Butler.

1

2)   Advise you of how your rights may be affected by this lawsuit; and

3)   Instruct you on the procedure for participating in this lawsuit, if you choose to do so.

This Notice is not an expression by the court of any opinion as to the merits of any claims or defenses asserted by any party to this action.

## DESCRIPTION OF THE LAWSUIT

On April 8, 2014, Plaintiffs, James Warren Ash, Timothy E. Harris, David Troy Streva, and Timothy D. Butler ("Plaintiffs") filed a class and collective action complaint against Bayside Solutions, Inc. and Does 1 through 100, inclusive (referred to throughout the rest of this Notice as "Bayside" or "Defendant"). Plaintiffs filed the class and collective action lawsuit on behalf of themselves and all other similarly situated employees, for unpaid wages under the FLSA and California state law. Specifically, Plaintiffs claim that Bayside did not pay employees who entered into the Standard Employment Agreement overtime compensation for all hours worked in excess of 40 hours in a week. Plaintiffs seek to recover back pay in an amount equal to the alleged unpaid overtime wages and liquidated damages (double damages) on behalf of themselves and all other similarly situated individuals resulting from Bayside's alleged failure to pay overtime wages as well as other damages provided by law. Plaintiffs have also brought various state law claims arising out of the same behavior but those claims are not at issue in this Notice.

Defendant denies Plaintiffs' claims and denies that it is liable to Plaintiffs for any damages resulting from this lawsuit.

## DEFINITION OF WHO MAY PARTICIPATE IN THIS LAWSUIT

To participate in this lawsuit, you must be a current or former employee of Bayside at any time from July 22, 2011 to the present, who entered into the Standard Employment Agreement which contained the following provision:

"Compensation. You acknowledge and understand that you are employed and paid on a per hour basis, weekly and on Fridays. For each hour of work performed by you under this Agreement, we will pay you at your Regular Exempt (no overtime) rate."

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this case by signing and mailing the enclosed "Consent to Join" form to Simpluris, Inc., the third party administrator (the "Administrator") at the following address:

Ash v. Bayside
c/o Simpluris, Inc.
P. O. Box 26170
Santa Ana, CA 92799

If you want to join this lawsuit, you must send the form to the Claims Administrator so the attorneys prosecuting this case have time to file it with the Federal court no later than May 5, 2015. If you do not return the "Consent to Join" form in time for it to be filed with the Federal court, you may not be able to participate in this lawsuit.

## EFFECT OF JOINING THIS LAWSUIT

If you choose to join this case, you will be bound by the decision of the court, whether it is favorable or unfavorable.

2

If you sign and return the "Consent to Join" form you are agreeing to:

1)    Designate Plaintiffs as your agents to make decisions on your behalf concerning this lawsuit;

2)    Be bound by any judgment of this Court in this lawsuit; and

3)    To be represented by Plaintiffs' counsel, Eric M. Epstein, APC and the Thierman Law Firm, P.C. in this matter.

The attorneys for the Plaintiffs' class are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorneys' fee. If Plaintiffs prevail in this litigation, the attorneys for the class will request that the court either determine or approve the amount of attorneys' fees and costs they are entitled to receive for their services. The FLSA provides only for attorneys' fees for the Plaintiffs, if successful, and not for Bayside although a court could award Bayside attorneys' fees for misconduct or other reasons not covered by this statute.

The court retains jurisdiction to determine the reasonableness of any settlement with Bayside and the reasonableness of any attorneys' fees and costs that are to be paid to the Plaintiffs' counsel.

If you wish to join this lawsuit you must sign and return the Consent to Join form to the Administrator at the above address. A postage prepaid envelope has been enclosed for your convenience. The Consent to Join form must be received by the Administrator no later than May 5, 2015.

## LEGAL EFFECT IN NOT JOINING THIS LAWSUIT

You do not have to join this lawsuit. Your participation is completely voluntary. If you do not wish to participate in this lawsuit, then do nothing. If you choose not to join this lawsuit, you will not be affected by any judgment, dismissal, or settlement rendered in this lawsuit, whether favorable or unfavorable to the class. This means that if Plaintiffs win, you will not collect any money from this lawsuit; if Plaintiffs lose, you will not lose any claims you may or may not have under the FLSA. If you choose not to join this lawsuit you are free to file your own lawsuit.

## STATUTE OF LIMITATIONS ON POTENTIAL CLAIMS

The maximum period of time that you can collect unpaid wages under the FLSA is three (3) years from when you worked the hours, but were not paid the legally correct overtime rate. If the Plaintiffs cannot prove Bayside acted willfully, the statue of limitations is two years. The statue of limitations continues to expire until a written consent to join this lawsuit as filed with the court, or you initiate your own lawsuit to collect your unpaid wages.

## NO RETALIATION PERMITTED

Federal Law prohibits Defendant from discharging you or in any other manner discriminating against you if you exercise your rights under the FLSA to seek compensation. **Participation in this lawsuit is not related or affected by any offer of severance benefits or release you may have recently signed.**

## YOUR IMMIGRATION STATUS DOES NOT MATTER IN THIS CASE

You are entitled to back pay for the alleged unpaid wages and liquidated damages under the FLSA even if you are not otherwise legally entitled to work in the United States. Bringing a claim in the court for unpaid wages is not a basis for you to be deported from the United States.

3

**YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you choose to join this lawsuit and agree to be represented by the named Plaintiffs through their attorneys, your counsel in this action will be:

Eric M. Epstein, Esq.
Eric M. Epstein, APC
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067-6002
310/552-5366
email:  emepstein@aol.com

Mark R. Thierman, Esq.
Joshua D. Buck, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511
775/284-1500
email:  info@thiermanlaw.com

**FURTHER INFORMATION**

Further information about this Notice, the deadline for filing a "Consent to Join" form, or questions about this lawsuit may be obtained by contacting Eric M. Epstein, Mark E. Thierman, or Joshua D. Buck at the contact information listed immediately above.

The court has taken no position in this case regarding the merits of the Plaintiffs' claims or of the Defendant's defenses.

**DO NOT CONTACT THE CLERK OF THE COURT**

Dated: _____

_____
Hon. William H. Orrick
U.S. District Court Judge

4

**[PROPOSED] AMENDED NOTICE OF PENDENCY OF
FLSA COLLECTIVE ACTION LAWSUIT**

CASE NO. 3:14-cv-02183