1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9   JAMES WARREN ASH, et al.,

                    Plaintiffs,                  Case No. 14-cv-02183-WHO
10
11           v.                                  **ORDER GRANTING MOTION FOR
                                                 CONDITIONAL CERTIFICATION AND
12   BAYSIDE SOLUTIONS, INC.,                    NOTICE OF FLSA COLLECTIVE
                                                 ACTION**
                    Defendant.
13                                               Re: Dkt. No. 26

14

15                              **INTRODUCTION**

16          Plaintiffs seek conditional certification of a Fair Labor Standards Act ("FLSA") collective

17   action and approval of a proposed notice advising potential plaintiffs of the collective action.

18   Plaintiffs' motion is GRANTED because plaintiffs have provided substantial allegations that they

19   were subject to an illegal policy by defendant Bayside Solutions, Inc. of not paying hourly

20   employees overtime compensation and that potential plaintiffs are similarly situated. Plaintiffs'

21   proposed notice is APPROVED with the modifications discussed in this order. Plaintiffs' request

22   for equitable tolling of potential plaintiffs' claims while this motion is pending is DENIED

23   because good faith motion practice does not warrant equitable tolling of FLSA claims.

24          Plaintiffs also filed a motion for leave to file a first amended complaint. Dkt. No. 27.

25   Bayside filed a statement of non-opposition to the motion. Dkt. No. 30. The motion was

26   GRANTED on January 21, 2015 at the hearing on plaintiffs' motions. Dkt. No. 35 (civil minutes

27   of January 21, 2015 hearing). Plaintiffs filed their first amended complaint on January 22, 2015.

28   Dkt. No. 36.

United States District Court
Northern District of California

United States District Court
Northern District of California

**BACKGROUND**

Defendant Bayside Solutions, Inc. is an employment agency that places its employees in companies throughout the United States.  Named plaintiffs James Warren Ash, Timothy Butler, Timothy Harris, and David Troy Streva were employed by defendant Bayside Solutions, Inc. and placed with Chevron.  Ash was a Lead Construction Manager for Chevron in Arizona (Dkt. No. 26-2 ¶ 4), Butler was a Lead QA/QC Manager for Chevron in Arizona (Dkt. No. 26-3 ¶ 4), Harris was a Construction Manager for Chevron in California (Dkt. No. 26-4 ¶ 4), and Streva was a Safety Manager for Chevron in Arizona (Dkt. No. 26-5 ¶ 4).

Named plaintiffs each allege that they entered into a Standard Employment Agreement with Bayside which included the following provision:

> **Compensation.** You acknowledge and understand that you are employed and paid on a per hour basis, weekly and Friday. For each hour of work performed under this Agreement, we will pay you at your regular exempt (no overtime) rate.

Compl. ¶ 11(a) [Dkt. No. 1-1].  Named plaintiffs have each submitted a declaration stating that they never received any compensation for hours worked in excess of 40 hours a week, either at their regular rate or at 1.5 times their regular rate.  *See* Dkt. Nos. 26-2—26-5 (declarations of plaintiffs James Warren Ash, Timothy Butler, Timothy Harris, David Troy Streva).  They estimate that approximately 140 other employees of Bayside entered into the Standard Employment Agreement with the compensation provision above.  Epstein Decl. ¶ 3 [Dkt. No. 26-1].

Plaintiffs seek to bring a FLSA collective action on behalf of:

> [A]ll current or former employees employed by Defendant within three years of the filing of this complaint until date of judgment, pursuant to the Standard Employment Agreement, who performed work in excess of forty hours in one week, and did not receive overtime compensation as required by Federal law.

Compl. ¶ 19(B).

Plaintiffs argue that conditional certification is appropriate because all potential plaintiffs entered into Bayside's Standard Employment Agreement with the compensation provision above and were therefore subject to Bayside's policy of not paying compensation for hours worked in excess of 40 hours a week, either at the regular rate or at 1.5 times the regular rate.  Plaintiffs have

2

provided a proposed notice.  Dkt. No. 31, Ex. A.  Plaintiffs also seek equitable tolling of the statute of limitations while their motion for conditional certification is pending.

In opposition, Bayside argues that conditional certification is not appropriate because (i) plaintiffs have not shown a violation of law and (ii) plaintiffs have not shown they are similarly situated to the potential plaintiffs.  Bayside also argues that the proposed notice is defective and that equitable tolling is not warranted.

## LEGAL STANDARD

Under FLSA, an employee may bring a collective action on behalf of other "similarly situated" employees.  29 U.S.C. § 216(b).  Courts in the Ninth Circuit have adopted a two-stage approach for determining whether proposed collective action plaintiffs are "similarly situated." *See, e.g., Adedapoidle–Tyehimba v. Crunch, LLC,* 13-cv-00225 WHO, 2013 WL 4082137, *6 (N.D. Cal. Aug. 9, 2013); *Harris v. Vector Mktg. Corp*., 716 F.Supp.2d 835, 837 (N.D. Cal. 2010); *Lewis v. Wells Fargo & Co.,* 669 F.Supp.2d 1124, 1127 (N.D. Cal. 2009).

At the first stage, the Court must determine whether the proposed class should be notified of the action.  *Harris*, 716 F.Supp.2d at 837.  This determination is made under a "fairly lenient standard" which typically results in conditional class certification.  *See, e.g., Daniels v. Aeropostale W., Inc.,* 12–cv–05755 WHA, 2013 W L 1758891, at *2 (N.D. Cal. Apr. 24, 2013) ("Due to the limited amount of evidence, courts make this determination under a fairly lenient standard which typically results in conditional class certification.").  The plaintiff must make substantial allegations that the putative class members were subject to an illegal policy, plan, or decision, by showing that there is some factual basis beyond the "mere averments" in the complaint for the class allegations.  *Id*.  "The question is essentially whether there are potentially similarly-situated class members who would benefit from receiving notice at this stage of the pendency of this action as to all defendants."  *Wellens v. Daiichi Sankyo, Inc.,* 13-cv-00581 WHO, 2014 WL 2126877, at *2 (N.D. Cal. May 22, 2014) (internal citation omitted).  Given the lenient

United States District Court
Northern District of California

United States District Court
Northern District of California

standard at the notice stage, courts have held that the plaintiff bears a "very light burden" in substantiating the allegations. *Prentice v. Fund for Pub. Interest Research, Inc.,* 06-cv-7776 SC, 2007 WL 2729187, at *2 (N.D. Cal. Sept. 18, 2007) ("Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage."); *see also Harris*, 716 F.Supp.2d at 838 ("A plaintiff need not submit a large number of declarations or affidavits to make the requisite factual showing. A handful of declarations may suffice.... The fact that a defendant submits competing declarations will not as a general rule preclude conditional certification.").

At the second stage, after the conclusion of discovery and usually in response to a motion for decertification by the defendant, the Court applies a stricter standard for "similarly situated." During this stage, the Court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs; the various defenses available to the defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether the plaintiffs made any required filings before instituting suit. *See Lewis,* 669 F.Supp.2d at 1127.

## DISCUSSION

## I.      PLAINTIFFS HAVE ADEQUATELY ALLEGED A VIOLATION OF LAW

Bayside appears to concede that it would be unlawful to not pay overtime to named plaintiffs if they were hourly employees, but it contends that named plaintiffs are *not* hourly employees. Rather, it contends that one of its representatives "inadvertently" used the Standard Employment Agreement with the compensation provision at issue when hiring the plaintiffs, when in fact named plaintiffs should properly have been classified as exempt (not entitled to overtime). It argues that plaintiffs have not shown that they were improperly classified as exempt or that other proposed plaintiffs were, and therefore they have not shown a violation of law.

Bayside states that the four named plaintiffs and three other independent contractors for

4

United States District Court
Northern District of California

1    Chevron entered into the Standard Employment Agreement with the compensation provision as a

2    result of this error.  Koeplin Decl. ¶ 8 [Dkt. No. 29-2].  According to Bayside, it became aware of

3    this error in late October or early November 2013 and immediately offered the impacted Chevron

4    contractors a $200 per week increase in their wages "as consideration for signing a corrected

5    agreement reflecting that they were properly classified as exempt and were paid on a 'flat salary

6    basis.'"  *Id.* ¶ 10.  Plaintiffs Butler and Harris signed the revised agreements.  *Id.*  Plaintiff Ash no

7    longer worked at Chevron at this time.[1]  *Id.* ¶ 9.  Plaintiff Streva apparently did not sign the

8    revised agreement.  The three other impacted Chevron contractors identified by Bayside, who are

9    not plaintiffs here, also signed revised agreements.  *Id.* ¶ 10.

10        Bayside's argument is beside the point.  Plaintiffs' allegation is not that they were

11    improperly classified as exempt; it is that they were not classified as exempt at all, but were

12    classified as hourly employees and not paid overtime required by law.  Whether the use of the

13    Standard Employment Agreement was inadvertent and the named plaintiffs were in fact exempt

14    employees, and therefore exempt from overtime requirements, is an affirmative defense that is

15    more appropriately addressed at the second step of the conditional certification process.[2]  *See, e.g.,*

16    *Benedict v. Hewlett-Packard Co.*, No. 13-cv-00119 LHK, 2014 WL 587135, at *11 (N.D. Cal.

17    Feb. 13, 2014) ("Because the notice-stage is not the appropriate time for a court to evaluate the

18    merits of plaintiffs' FLSA claims, courts routinely hold that the potential applicability of an FLSA

19    exemption does not preclude conditional certification.") (internal citation omitted); *Stanfield v.*

20    *First NLC Fin. Servs., LLC*, No. 06-cv-3892 SBA, 2006 WL 3190527, at *4 (N.D. Cal. Nov. 1,

21    2006) ("Even if it turns out that Plaintiffs cannot prevail on their FLSA claim because they are

22    subject to exemptions, a collective action should still be certified if they are similarly situated.").

23        Moreover, plaintiffs' proposed FLSA collective action is not limited to the contractors who

24    signed the Standard Employment Agreement and were placed at Chevron.  Rather, the proposed

25    _____

26    [1] According to Bayside, Ash had been "terminated for his approach in dealing with other
     employees and subcontractors."  Koeplin Decl. ¶ 9.

27    [2] Plaintiffs' execution of "corrected" agreements also does not address any violations that may
28    have occurred prior to the "corrections."

United States District Court
Northern District of California

1  class is defined to include all Bayside employees, regardless of where they were placed, who

2  signed the Standard Employment Agreement, worked in excess of forty hours in one week, and

3  did not receive overtime compensation as required by law.  Compl. ¶ 19(B).  Based on a review of

4  350 employment agreements that Bayside entered into with its employees, plaintiffs estimate that

5  there are approximately 140 executed agreements with the compensation provision at issue here.[3]

6  Epstein Decl. ¶ 3.  If Bayside is correct that the Standard Employment Agreement was only sent to

7  seven employees, this will be a small conditionally certified class and it may be appropriate to de-

8  certify the class at the second stage. But given the substantial allegations that the form was sent to

9  additional employees, there is no reason to deny conditional certification at this initial stage.

10  ## II. PROPOSED COLLECTIVE ACTION MEMBERS ARE SIMILARLY SITUATED FOR PURPOSES OF CONDITIONAL CERTIFICATION

11        Bayside argues that plaintiffs have not adequately established that they are "similarly

12  situated" to other proposed class members because they lack "personal knowledge of other

13  employees' experiences and contracts" and have not alleged what positions other proposed class

14  members held, what employers they worked for, and whether they were classified as exempt.

15  Opp. at 14.  Bayside also asserts that conditional certification should be denied because the

16  proposed collective action members worked at different geographic locations, were placed with

17  different employers, had different positions, and different duties.  Opp. at 17-18 [Dkt. No. 29].

18  While these contentions may have force later in this litigation, given the "fairly lenient" standard

19  applied to the first stage of conditional certification in this Circuit, they do not warrant denying

20  conditional certification in this case.  *See, e.g., Alvarez v. Farmers Ins. Exch.,* No. 14-CV-00574-

21

22  [3] Plaintiff Harris submitted a reply declaration stating that he contacted the former Bayside
23  recruiter that transmitted the Standard Employment Agreement to him after he learned that
    Bayside contends that it only sent the provision at issue to seven employees.  Harris Reply Decl. ¶
24  4 [Dkt. No. 32].  According to Harris, this recruiter told him "that Bayside was lying and the
    Standard Employment Agreement containing the subject language was sent to many other
25  employees who were in construction."  *Id.* ¶ 5.  Since the evidentiary rules are relaxed at this
    stage, the statement may properly be considered by the court.  *See, e.g., Syed v. M-I, L.L.C.,* 2014
26  WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) ("At this stage, the limitation on hearsay is
    relaxed."); *Dominguez v. Schwarzenegger*, 270 F.R.D. 477, 483 n.5 (N.D. Cal. 2010) ("unlike
27  evidence presented at a summary judgment stage, evidence presented in support of class
    certification need not be admissible at trial").  But it is not material to my analysis.

28

WHO, 2014 WL 4685031, at *3 n.6 (N.D. Cal. Sept. 19, 2014) (noting the "fairly lenient" standard applied in this Circuit and that courts outside this Circuit apply a more stringent test). Plaintiffs seek to represent "employees employed by Defendant … pursuant to the Standard Employment Agreement, who performed work in excess of forty hours in one week, and did not receive overtime compensation as required by Federal law." Compl. ¶ 19(B).  Since the Standard Employment Agreement expressly defines employees as hourly employees, the proposed collective action is limited to employees who were *not* classified as exempt, worked in excess of 40 hours a week, and did not receive overtime compensation.

Named plaintiffs' have provided declarations stating that they entered into the Standard Employment Agreement, worked in excess of 40 hours a week and were not paid overtime, and they estimate, based on review of Bayside's employment agreements, that 140 other employees of Bayside entered into the same Standard Employment Agreement.  That is sufficient for plaintiffs to meet their burden of making "substantial allegations that proposed class members were subject to an illegal policy" of not paying overtime compensation to hourly employees. *Daniels*, 2013 WL 1758891, at *2.

## III.   EQUITABLE TOLLING IS NOT WARRANTED

The statute of limitations for filing a claim under the FLSA is two years; three years if the violation is "willful."  29 U.S.C. § 255(a).  For purposes of calculating the timeliness of a claim, claims for collective action members who are not named plaintiffs are considered commenced when the member files a written consent to become a party plaintiff.  29 U.S.C. § 256(b). Plaintiffs request that the statute of limitations be tolled while this motion is pending.

Plaintiffs' request is DENIED. There is no indication that Bayside's opposition to plaintiffs' motion for conditional certification was brought in bad faith and "good faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claims." *Adedapoidle-Tyehimba*, 2013 WL 4082137, at *7 (citing *MacGregor v. Farmers Ins. Exch.,* 2011 WL 2731227 (D.S.C. July 13, 2011) ("Congress could have avoided the foreseeable delay of good faith motions and judicial decision-making by patterning the statute of

United States District Court
Northern District of California

1    limitations for the FLSA after that of Rule 23 for class actions; however, they did not do so.")).[4]

2    ## IV.    FORM OF PROPOSED NOTICE

3          The parties have the following disagreements regarding modifications to the proposed

4    notice:[5]

5          ### A.   Tolling of statute of limitations

6          Given FLSA's three-year statute of limitations for willful violations, the notice should

7    normally only be mailed to individuals who were employed by Bayside within three years of the

8    date of mailing.  *See* 29 U.S.C. § 255(a).  However, the parties entered into an agreement,

9    effective July 22, 2014, to toll the otherwise applicable statute of limitations for potential

10   plaintiffs, meaning that notice should also go to employees whose claims would otherwise have

11   expired during the tolling period.  Epstein Reply Decl. Ex. 1 (tolling agreement) [Dkt. No. 33].

12         The parties dispute whether and when the tolling agreement expired.  In their opening

13   brief, plaintiffs stated that "the parties entered into a 'tolling' agreement which expired on

14   December 2, 2014."  Mot. at 11 [Dkt. No. 26].  Bayside likewise contends that the agreement

15   expired in December 2014 and submitted the declaration of one of its attorneys, Kai-Ching Cha,

16   which further indicates that both parties believed that the agreement expired in early December.[6]

17   Both parties apparently believed that the tolling agreement expired 30 days after the completion of

18   mediation on November 3, 2014.  *See* Dkt. No. 23 ¶ 12 (joint case management statement noting

19   that the parties participated in mediation on November 3, 2014).

20

21   [4] Separately, the parties agreed to toll this matter for the period discussed below.

22   [5] The parties agree that the notice should remove references to minimum wage or regular
     rate claims.  *See* Reply at 13 [Dkt. No. 31].

23

24   [6] Cha states that on December 1, 2014, plaintiffs' counsel, Eric Epstein, conditionally agreed to a
     briefing schedule proposed by Bayside "if Bayside would in turn agree to extend the tolling

25   agreement until the hearing on the Motion for Conditional Certification *because the tolling
     agreement was going to expire in December*."  Cha Decl. ¶ 2 (emphasis added) [Dkt. No. 37].
     Bayside rejected plaintiffs' proposal.  Cha also states that Epstein informed her in mid-December

26   that plaintiffs were "going to file Plaintiffs' Motion for Conditional Certification by mid-
     December *because the parties' tolling agreement had expired*."  *Id.* (emphasis added).  Cha's

27   declaration attaches email correspondence discussing and rejecting plaintiffs' tolling proposal.
     Cha Decl. Ex. A.

28

United States District Court
Northern District of California

1    However, plaintiffs must have reviewed the tolling agreement after they filed their opening

2    brief and realized that it actually states that it expires 30 days after mediation "or after either party

3    gives written notice of cancellation to the other, *whichever is later.*"  Epstein Reply Decl. Ex. 1 at

4    2 ¶ 2 (emphasis added).  Contradicting their earlier assertion that the agreement ended on

5    December 2, 2014, in their reply brief plaintiffs contended that the agreement is still in effect

6    because they never received written notice of cancellation.

7    Based on plaintiffs' admission in their opening brief and the materials provided by

8    Bayside, it is clear that the parties intended that the agreement would terminate on the *earlier* of

9    30 days after mediation or notice of cancellation.  Indeed, the agreement would make no sense if it

10    terminated on the *later* of 30 days after mediation or notice of cancellation because a party's right

11    to cancel would be meaningless unless mediation had occurred.

12    California Civil Code section 1640 provides that "[w]hen, through fraud, mistake, or

13    accident, a written contract fails to express the real intention of the parties, such intention is to be

14    regarded, and the erroneous parts of the writing disregarded."[7]  Cal. Civ. Code § 1640; *see also*

15    *Calhoun v. Bernard*, 333 F.2d 739, 741 (9th Cir. 1964) ("herein" instead of "therein" in contract

16    was "accident" or "mistake" under Section 1640).  Consistent with the true intention of the parties,

17    I disregard the language "whichever is later" and instead interpret the agreement to state

18    "whichever is earlier."  The claims were therefore tolled 133 days, from July 22, 2014 until

19    December 2, 2014.  Notice shall be mailed to individuals employed by Bayside within three years

20    and 133 days from the date of mailing.

21    **B.    Actual dates of employment**

22    Bayside argues that opt-in plaintiffs should be required to provide their actual dates of

23    employment on the opt-in form included with the proposed notice.  Plaintiffs respond that Bayside

24    will provide this information when it produces a list of potential collective action members and

25    there is no reason for potential plaintiffs themselves to provide it.  I agree with plaintiffs and

26    DENY this request.  *See, e.g., Flores v. Velocity Exp., Inc.*, No. 12-cv-05790-JST, 2013 WL

27

28    _____

[7] The tolling agreement provides that it shall be governed and construed according to California
law.  Epstein Reply Decl. Ex. 1 ¶ 6.

2468362, at *9 (N.D. Cal. June 7, 2013) ("the Court sees no reason why Velocity's former and current delivery drivers should identify their dates of service on their opt-in forms. As set forth above, Velocity will be producing this information to Plaintiffs").

### C. Right to hire counsel

Bayside contends that the notice should inform potential collective action members of their right hire their own counsel. But "[s]uggesting that a plaintiff may opt in and bring her own lawyer along would lead to confusion, inefficiency and cumbersome proceedings." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 541 (N.D. Cal. 2007). A potential plaintiff who wishes to have her own lawyer can choose to not in and instead hire her own lawyer and proceed with her own action. Bayside's request is DENIED.

### D. Deadline to opt in

Bayside argues that the notice should include a 45-day deadline to opt in because the number of potential plaintiffs is not exceedingly large. Plaintiffs request approximately 90 days. 90 days is appropriate for this kind of lawsuit. *See, e.g., Flores*, 2013 WL 2468362, at *9 ("Nor does Velocity provide any reason for limiting the opt-in period to 45 days. Lengthier opt-in periods are not uncommon."); *Adams*, 242 F.R.D. at 542 ("The court hereby sets a ninety-day deadline for potential plaintiffs to file consent to join."). Bayside's request is DENIED.

### E. Notice bearing court caption

Bayside argues that the notice should not be printed on a pleading-style case caption which gives the impression of judicial endorsement. Printing the notice on a pleading-style caption is not inappropriate; however, the notice shall include a bolded statement of neutrality immediately below the caption. *See, e.g. Adams*, 242 F.R.D. at 540. The notice proposed by plaintiffs states that "This Notice is not an expression by the court of any opinion as to the merits of any claims or defenses asserted by any party to this action." Dkt. No. 31, Ex. A at 2. That statement is acceptable, provided that it is bolded and placed immediately below the caption.

### CONCLUSION

Plaintiffs' motion for conditional certification is GRANTED. Dkt. No. 26. Plaintiffs' proposed notice is APPROVED AS MODIFIED as discussed in this order. Plaintiffs' request for

United States District Court
Northern District of California

equitable tolling of the potential plaintiffs' claims is DENIED.

Plaintiffs' unopposed motion for leave to file a first amended complaint was GRANTED at the hearing on January 21, 2015.  Dkt. No. 27.

**IT IS SO ORDERED**.

Dated: January 30, 2015

_____
WILLIAM H. ORRICK
United States District Judge