1   NATALIE A. PIERCE, Bar No. 191342
    npierce@littler.com
2   KAI-CHING CHA, Bar No. 218738
    kcha@littler.com
3   ROXANNA IRAN, Bar No. 273625
    riran@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
5   San Francisco, California  94108.2693
    Telephone:   415.433.1940
6   Facsimile:   415.399.8490

7   Attorneys for Defendant
    BAYSIDE SOLUTIONS, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  JAMES WARREN ASH, TIMOTHY E.          Case No. 3:14-cv-02183-WHO
    HARRIS, DAVID TROY STREVA, AND
14  TIMOTHY D. BUTLER, on behalf of       **DECLARATION OF KAI-CHING CHA IN**
    themselves, the general public, and all   **SUPPORT OF JOINT MOTION FOR AN**
15  others similarly situated,            **ORDER APPROVING SETTTLEMENT OF**
                                          **PLAINTIFFS' FLSA CLAIMS AND**
16                  Plaintiffs,           **DISMISSAL OF THE ACTION IN ITS**
                                          **ENTIRETY WITH PREJUDICE**
17          v.
                                          Complaint Filed:    April 8, 2014
18  BAYSIDE SOLUTIONS, INC., a            FAC Filed:  January 22, 2015
    California corporation, and DOES 1    Trial Date:  July 5, 2016
19  through 100, inclusive,

20                  Defendants.

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DECL OF KAI-CHING CHA ISO JOINT MOTION FOR ORDER APPROVING SETTTLEMENT/DISMISSAL
CASE NO. 3:14-cv-02183-WHO

1      I, Kai-Ching Cha, hereby declare:

2      1.      I am an attorney at law duly admitted to practice before the courts of the State

3  of California and the United States District Court, Northern District of California.   I am a

4  shareholder with the law firm of Littler Mendelson, P.C., which represents Defendant BAYSIDE

5  SOLUTIONS, INC. ("Bayside") in the above captioned matter.   I have personal knowledge of the

6  facts set forth herein and, if called as a witness, could competently testify thereto.

7      2.      Attached hereto as **Exhibit A** is a true and correct copy of the Stipulation and

8  Settlement Agreement entered into by all the parties to this action.

9      3.      At issue in this lawsuit is whether Bayside properly classified named Plaintiffs

10 JAMES WARREN ASH, TIMOTHY E. HARRIS, DAVID TROY STREVA and TIMOTHY D.

11 BUTLER ("Named Plaintiffs") as well as opt-in Plaintiffs ADAM LINKE, GIOVANNI JAVIER,

12 SANDRA JAVIER, JEFFREY BELTON, ROBERT SILLAS, TERESA LAM and DAVID

13 ANDREW ("Opt-In Plaintiffs") (collectively, "Plaintiffs") exempt from overtime pursuant to the

14 federal Fair Labor Standards Act ("FLSA").   Named Plaintiffs allege Bayside improperly classified

15 Plaintiffs as exempt employees and violated 29 U.S.C. Sections 207 and 216 by failing to pay them

16 for all hours worked over 40 hours per week.   Meanwhile, Bayside contends Named Plaintiffs were

17 properly classified as exempt employees under the executive exemption, or in the alternative, under

18 the highly compensated employee exemption, and were always properly paid on a salary basis.

19 Bayside also contends that several of the Opt-In Plaintiffs would be exempt from overtime pursuant

20 to the Computer Professional Exemption.   Moreover, Bayside contends that other employees

21 employed pursuant to the Standard Employment Agreement were likewise properly classified as

22 exempt and properly compensated in accordance with the terms of the Standard Employment

23 Agreement.

24     4.      The parties participated in two private mediations, the first on November 3,

25 2014, and the second in June 2015.   Both mediations were conducted by experienced class action

26 mediators.   Moreover, Plaintiffs have been represented by counsel at all times during the course of

27 this litigation and at all times during the settlement discussions.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1

DECL OF KAI-CHING CHA ISO JOINT MOTION FOR ORDER APPROVING SETTLEMENT/DISMISSAL
CASE NO. 3:14-cv-02183-WHO

5.      Based on my representation of Bayside in this litigation and my review of personnel records provided by Bayside, I am informed and believe that Opt-In Plaintiff Andrew worked for Bayside from July 2013 to on or about December 12, 2013.  Opt-In Plaintiff Belton worked for Bayside from September 2013 to March 2014.  Opt-In Plaintiff Giovanni Javier worked for Bayside from June 2013 to on or about October 2013.  Opt-In Plaintiff Sandra Javier worked for Bayside from May 2013 to on or about January 2014.  Opt-In Plaintiff Lam worked for Bayside from June 2013 to on or about December 2013.  Opt-In Plaintiff Linke worked for Bayside from December 2012 to on or about February 2014.  Opt-In Plaintiff Sillas worked for Bayside from April 2012 to the present.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 4th day of August 2015, at Chatham, Massachusetts.

*/s/ Kai-Ching Cha*
Kai-Ching Cha

Firmwide:135014954.1 080273.1002

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# EXHIBIT A

1    *[COUNSEL LISTED ON FOLLOWING PAGE]*

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12   JAMES WARREN ASH, TIMOTHY E.              Case No.  3:14-cv-02183-WHO
     HARRIS, DAVID TROY STREVA, AND
13   TIMOTHY D. BUTLER, on behalf of           **STIPULATION AND SETTLEMENT**
     themselves, the general public, and all   **AGREEMENT**
14   others similarly situated,

15                  Plaintiffs,                 Complaint Filed:   April 8, 2014
                                                FAC   Filed:        January 22, 2015
16          v.                                  Trial Date: July 5, 2016

17   BAYSIDE SOLUTIONS, INC., a
     California corporation, and DOES 1
18   through 100, inclusive,

19                  Defendants.

20

21

22

23

24

25

26

27

28

CASE NO. 3:14-cv-02183-WHO                                    STIPULATION AND
                                                           SETTLEMENT AGREEMENT

1    ERIC M. EPSTEIN, Bar No. 64055
     emepstein@aol.com
2    ERIC M. EPSTEIN, APC
     1901 Avenue of the Stars, #1100
3    Los Angeles, California 90067-6002
     Telephone:    310.552.5366
4    Facsimile:    310.556.8021

5    MARK R. THIERMAN, Bar No. 72913
     laborlawyer@pacbell.net
6    JOSHUA BUCK, Bar No. 258325
     josh@thiermanlaw.com
7    THIERMAN BUCK LLP
     7287 Lakeside Drive
8    Reno, Nevada 89511
     Telephone:    775.284.1500
9    Facsimile:    775.703.5027

10    Attorneys for Plaintiffs

11    NATALIE A. PIERCE, Bar No. 191342
     npierce@littler.com
12    KAI-CHING CHA, Bar No. 218738
     kcha@littler.com
13    ROXANNA IRAN, Bar No. 273625
     riran@littler.com
14    LITTLER MENDELSON, P.C.
     650 California Street, 20th Floor
15    San Francisco, California 94108.2693
     Telephone:    415.433.1940
16    Facsimile:    415.399.8490

17    Attorneys for Defendant
     BAYSIDE SOLUTIONS, INC.

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:14-cv-02183-WHO                      STIPULATION AND
SETTLEMENT AGREEMENT

1

2   PLAINTIFFS (on behalf of themselves, OPT-IN PLAINTIFFS and all members of

3   the SETTLEMENT CLASSES), DEFENDANT, and their respective counsel of record enter into

4   this SETTLEMENT AGREEMENT.[1]

5   ## I.

6   ## RECITALS AND BACKGROUND

7   1.   On April 8, 2014, Plaintiffs James Warren Ash, Timothy E. Harris, David

8   Troy Streva and Timothy D. Butler ("PLAINTIFFS") commenced this LITIGATION by filing a

9   Complaint in the Superior Court of the State of California, for the County of Alameda, Case Number

10   RG14720701.   Defendant Bayside Solutions, Inc. ("DEFENDANT") removed PLAINTIFFS'

11   complaint to the United States District Court, Northern District of California, San Francisco

12   Division, Case Number 3:14-cv-02183-WHO.   PLAINTIFFS subsequently filed a First Amended

13   Complaint (the "COMPLAINT"). [Docket No. 36, January 22, 2015, Case No. 3:14-cv-02183-

14   WHO].   In their Complaint, PLAINTIFFS asserted violations of the Fair Labor Standards Act, 29

15   U.S.C. § 201 *et seq.* ("FLSA"), on behalf of themselves and other individuals who had been

16   employed by DEFENDANT pursuant to the Standard Employment Agreement which contained the

17   following compensation provision:

18   **Compensation**. You acknowledge and understand that
you are employed and paid on a per hour basis, weekly
19   and on Fridays. For each hour of work performed by you
under this Agreement, we will pay you at your Regular
20   Exempt (no overtime) rate.

21   PLAINTIFFS alleged that they and other individuals who had been employed by DEFENDANT

22   pursuant to the Standard Employment Agreement were not properly classified as exempt and were

23   not paid overtime wages for hours worked over 40.

24   2.   PLAINTIFFS additionally alleged the following California law claims on

25   behalf of themselves and other individuals who had been employed by DEFENDANT pursuant to

26   the Standard Employment Agreement and who were allegedly not properly classified as exempt in

27   the Complaint: (1) unpaid overtime wages for hours worked over eight hours in a day and/or forty

28

---

[1]   Terms that appear in all caps shall have the meaning assigned to them in this SETTLEMENT
AGREEMENT.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO                    1.                    STIPULATION AND
SETTLEMENT AGREEMENT

hours in one week, pursuant to Labor Code sections 510, 558, 1194 and Wage Order No. 4-2001; (2) waiting time penalties for unpaid overtime wages due upon termination, pursuant to Labor Code sections 201-203; (3) failure to issue accurate and itemized wage statements, pursuant to Labor Code section 226(a); (4) civil penalties pursuant to the Labor Code Private Attorneys' General Act of 2004 ("PAGA") for unpaid overtime, waiting time penalties and failure to issue accurate and itemized wage statements pursuant to Labor Code sections 2698 *et seq.*; (5) unfair competition, pursuant to Business & Professions Code sections 17200, *et seq.*; and (6) breach of contract.

3.      Plaintiffs Harris and Butler additionally alleged the following individual claims against DEFENDANT in the Complaint: (1) wrongful termination in violation of public policy; (2) wrongful termination in violation of Labor Code section 1102.5; and (3) civil penalties pursuant to the PAGA for wrongful termination in violation of Labor Code section 1102.5.

4.      On January 30, 2015, the COURT granted the PLAINTIFFS' Motion for Conditional Certification and Notice of FLSA Collective Action. [Docket No. 38, Jan. 30, 2015]. Notice of the FLSA collective action claim was mailed to 119 current and former employees of DEFENDANT who had entered into the Standard Employment Agreement. By the close of the ninety-day opt-in period, only 13 individuals had opted into the lawsuit. [Docket Nos. 40-44.] DEFENDANT engaged in individualized discovery and six of the opt-in plaintiffs refused to participate, resulting in their dismissal. [Docket Nos. 45, 46, 48.] As a result, seven opt-in plaintiffs remain in this Litigation (the "OPT-IN PLAINTIFFS").

5.      The Parties participated in two private mediations. The first mediation, in November 2014 before class action mediator Michael J. Loeb, Esq., of JAMS, did not result in settlement. In June 2015, the Parties participated in a second mediation, before class action mediator Michael E. Dickstein, Esq. and have agreed to settle PLAINTIFFS' and OPT-IN PLAINTIFFS' FLSA and California state law claims for: (1) unpaid overtime wages for hours worked over 40 hours in one week, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; (2) unpaid overtime wages for hours worked over eight hours in a day and/or forty hours in one week, pursuant to Labor Code sections 510, 558, 1194 and Wage Order No. 4-2001; (3) waiting time penalties for unpaid overtime wages due upon termination, pursuant to Labor Code sections 201-203; (4) failure

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO                    2.                    STIPULATION AND
                                                                   SETTLEMENT AGREEMENT

to issue accurate and itemized wage statements, pursuant to Labor Code section 226(a); (5) civil penalties pursuant to PAGA for unpaid overtime, waiting time penalties and failure to issue accurate and itemized wage statements pursuant to Labor Code sections 2698 *et seq.*; (6) unfair competition, pursuant to Business & Professions Code sections 17200, *et seq.*; and (7) breach of contract. The Parties have additionally agreed to settle and Plaintiff Harris' and Butler's individual claims for: (1) wrongful termination in violation of public policy; (2) wrongful termination in violation of Labor Code section 1102.5; and (3) civil penalties pursuant to the PAGA for wrongful termination in violation of California Labor Code section 1102.5.

6. The PARTIES' ongoing settlement negotiations have culminated in this SETTLEMENT AGREEMENT.

7. It is the desire and intention of the PARTIES that this SETTLEMENT AGREEMENT shall, for each PLAINTIFF and OPT-IN PLAINTIFF, fully, finally, and forever completely settle, compromise, release, and discharge any and all RELEASED CLAIMS (as defined below).

8. PLAINTIFFS' COUNSEL has conducted a thorough investigation into the facts of this LITIGATION, including an extensive review of relevant documents and data, the taking of PLAINTIFFS' depositions and defending OPT-IN PLAINTIFF depositions, and participating in a third party witness deposition, and have diligently pursued an investigation of PLAINTIFFS' and OPT-IN PLAINTIFFS' claims against RELEASED PERSONS. Based on their independent investigation and evaluation, PLAINTIFFS' COUNSEL believe that the settlement with DEFENDANT for the consideration of and on the terms set forth in this SETTLEMENT AGREEMENT is fair, reasonable, and adequate, and is in the best interest of PLAINTIFF and OPT-IN PLAINTIFFS in light of all known facts and circumstances, including the risk of delay, defenses asserted by DEFENDANT, and numerous potential certification and appellate issues.

9. RELEASED PERSONS expressly deny any liability or wrongdoing of any kind associated with any and all past and present matters, disputes, claims, demands, and causes of action of any kind whatsoever in this LITIGATION and PLAINTIFFS' Complaint. RELEASED PERSONS contend they have complied with all applicable federal and state laws at all times. By

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO 3.

STIPULATION AND
SETTLEMENT AGREEMENT

entering into the SETTLEMENT AGREEMENT, DEFENDANT does not admit any liability or wrongdoing and expressly deny the same. It is expressly understood and agreed by the PARTIES that the SETTLEMENT AGREEMENT is being entered into by DEFENDANT solely for the purpose of avoiding the costs and disruption of ongoing litigation and resolving the claims asserted in the LITIGATION on the terms set forth herein. Nothing in the SETTLEMENT AGREEMENT, the settlement proposals exchanged by the PARTIES, or any motions filed or Orders entered pursuant to the SETTLEMENT AGREEMENT, may be construed or deemed as an admission by RELEASED PERSONS of any liability, culpability, negligence, or wrongdoing, including that any PLAINTIFF AND/OR OPT-IN PLAINTIFF was misclassified as exempt, and the SETTLEMENT AGREEMENT, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any arbitration or legal proceedings for any purpose, except in an action or proceeding to approve, interpret, or enforce the SETTLEMENT AGREEMENT.

10.     The PARTIES shall request the COURT approve, administer, and implement the SETTLEMENT AGREEMENT with respect to all actions and claims settled in this SETTLEMENT AGREEMENT.

## II.

### DEFINITIONS

11.     "APPROVAL HEARING" means the hearing contemplated by the PARTIES, at which the COURT will approve, in final, the SETTLEMENT AGREEMENT and make such other final rulings as are contemplated by this SETTLEMENT AGREEMENT. The date of the APPROVAL HEARING shall be set by the COURT.

12.     "APPROVAL ORDER" refers to the order of the COURT (i) granting FINAL JUDGMENT; (ii) adjudging the terms of the SETTLEMENT AGREEMENT to be fair, reasonable and adequate, and directing consummation of its terms and provisions; (iii) approving PLAINTIFF COUNSELS' application for an award of PLAINTIFFS' COUNSELS' fees and costs; and (iv) dismissing the LITIGATION on the merits and with prejudice and permanently enjoining

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO                    4.                    STIPULATION AND
SETTLEMENT AGREEMENT

PLAINTIFFS and OPT-IN PLAINTIFFS from prosecuting against the RELEASED PERSONS any RELEASED CLAIMS.

13.     "COMPLAINT" refers to the First Amended Complaint filed on January 22, 2015 as referred to in Paragraph 1 above.

14.     "COURT" means the COURT having jurisdiction of the LITIGATION, at any stage, presently the United States District Court for the Northern District of California, San Francisco Division.

15.     "DEFENDANT" is Bayside Solutions, Inc.

16.     "EFFECTIVE DATE" refers to the first date after all of the following events and conditions have been met or have occurred:  (1) the COURT entered an APPROVAL ORDER; and (2) the deadline has passed without action from PLAINTIFFS to revoke the SETTLEMENT AGREEMENT.  The PARTIES agree that the COURT shall retain jurisdiction to enforce the terms of this SETTLEMENT AGREEMENT unless specifically set forth otherwise herein.

17.     "FINAL JUDGMENT" refers to the judgment entered by the COURT in conjunction with the APPROVAL ORDER dismissing the LITIGATION on the merits and with prejudice and permanently enjoining PLAINTIFFS and OPT-IN PLAINTIFFS from prosecuting any RELEASED CLAIMS against the RELEASED PERSONS.  The PARTIES shall submit an order of FINAL JUDGMENT setting forth the terms of this SETTLEMENT AGREEMENT, by incorporation or otherwise, for execution and entry by the COURT at the time of the APPROVAL HEARING or at such other time as the COURT deems appropriate.

18.     "FLSA RELEASING PERSONS" means PLAINTIFFS and OPT-IN PLAINTIFFS and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

19.     "GROSS SETTLEMENT AMOUNT" is Two Hundred Forty Thousand Dollars ($240,000.00).   The GROSS SETTLEMENT AMOUNT represents the amount that DEFENDANT will pay pursuant to this SETTLEMENT AGREEMENT and includes SETTLEMENT PAYMENTS to PLAINTIFFS, OPT-IN PLAINTIFFS, PAGA penalty payments to

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO                    5.                    STIPULATION AND
                                                                   SETTLEMENT AGREEMENT

the Labor Workforce Development Agency ("LWDA"), and PLAINTIFFS' COUNSELS' FEES, COSTS AND EXPENSES. In addition to the GROSS SETTLEMENT AMOUNT, DEFENDANT shall be responsible for paying all employer-side payroll taxes on any portion of the SETTLEMENT PAYMENTS for PLAINTIFFS and OPT-IN PLAINTIFFS allocated to wages. PLAINTIFFS and OPT-IN PLAINTIFFS will be responsible for their own tax obligations. The PARTIES agree that within fifteen (15) days following this COURT'S APPROVAL ORDER, DEFENDANT shall pay Two Hundred Thousand Dollars ($200,000.00) of the GROSS SETTLEMENT AMOUNT, which shall include payment of Seven Hundred and Fifty Dollars ($750.00) to the LWDA, and will also include payment to be allocated on a pro-rata basis among PLAINTIFFS, OPT-IN PLAINTIFFS, and for PLAINTIFFS' COUNSELS' FEES, COSTS AND EXPENSES. The PARTIES further agree that DEFENDANT shall pay Forty Thousand ($40,000.00) of the GROSS SETTLEMENT AMOUNT allocated among PLAINTIFFS, OPT-IN PLAINTIFFS, and for PLAINTIFFS' COUNSELS' FEES, COSTS AND EXPENSES on a pro-rata basis three (3) months following this COURT'S APPROVAL ORDER.

20.   "LITIGATION" means this legal action in the United States District Court for the Northern District of California, San Francisco Division, captioned *Ash, et al. v. Bayside Solutions, Inc.*, Case No. 3:14-cv-02183-WHO.

21.   "OPT-IN PLAINTIFFS" refers to those individuals who, filed an opt-in consent and were not dismissed from this LITIGATION as reflected on the COURT'S docket. OPT-IN PLAINTIFFS include the following seven individuals: (1) Adam Linke; (2) Giovanni Javier; (3) Sandra Javier; (4) Jeffrey Belton; (5) Robert Sillas; (6) Teresa Lam; and (7) David Andrew.

22.   "PARTIES" refers to the PLAINTIFFS, OPT-IN PLAINTIFFS, and DEFENDANT and, in the singular, refers to any of them, as the context makes apparent.

23.   "PLAINTIFFS" refers to named PLAINTIFFS, James Warren Ash, Timothy E. Harris, David Troy Streva and Timothy D. Butler.

24.   "PLAINTIFFS' COUNSEL" refers to Eric M. Epstein of ERIC M. EPSTEIN, APC and Mark R. Thierman and Joshua D. Buck, of THIERMAN BUCK LLP, who represent PLAINTIFFS and OPT-IN PLAINTIFFS.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO          6.          STIPULATION AND
SETTLEMENT AGREEMENT

25.     "PLAINTIFFS' COUNSELS' FEES, COSTS AND EXPENSES" means the total amount of PLAINTIFFS' COUNSELS' attorneys' fees, costs and expenses. The PARTIES have agreed PLAINTIFFS' COUNSELS' attorneys' fees consist of the following: $42,536.00 payable to the THIERMAN BUCK LLP and $42,536.00 payable to ERIC M. EPSTEIN, APC. In addition to attorneys' fees, PLAINTIFFS' COUNSEL will be entitled to recover reasonable costs and expenses in the amount of $25,516 payable to the THIERMAN BUCK LLP. PLAINTIFFS' COUNSELS' attorneys' fees, costs, and expenses are included in the GROSS SETTLEMENT AMOUNT.

26.     "RELEASED CLAIMS" refers to the released claims set forth in Paragraphs 41-43.

27.     "RELEASED PERSONS" refers to DEFENDANT and each of its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by DEFENDANT, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the LITIGATION and any individual or entity which could be jointly liable with DEFENDANT and any other persons or entities acting on its behalf, including any party that was or could have been named as a defendant in the LITIGATION.

28.     "RELEASING PERSONS" means each and every PLAINTIFF and OPT-IN PLAINTIFF, his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

29.     "SETTLEMENT AGREEMENT" refers to this Stipulation and Settlement Agreement.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO                    7.                    STIPULATION AND
                                                                   SETTLEMENT AGREEMENT

30.   "SETTLEMENT PAYMENT" refers to the payment for each PLAINTIFF and OPT-IN PLAINTIFF pursuant to this SETTLEMENT AGREEMENT, as set forth more fully below in Paragraph 34.

### III.

### TERMS OF GROSS SETTLEMENT AMOUNT

31.   DEFENDANT may not be called upon or required to contribute additional monies above the GROSS SETTLEMENT AMOUNT under any circumstances, except that, in addition to the GROSS SETTLEMENT AMOUNT, DEFENDANT shall be responsible for paying all employer-side payroll taxes on any portion of the SETTLEMENT PAYMENTS for PLAINTIFFS and OPT-IN PLAINTIFFS allocated to wages.   PLAINTIFFS and OPT-IN PLAINTIFFS will be responsible for remitting to State and/or Federal taxing authorities any applicable other taxes due and shall hold DEFENDANT harmless and indemnify RELEASED PARTIES for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any such taxing authority which result from an PLAINTIFFS' and/or OPT-IN PLAINTIFFS' failure to remit taxes due on payments made to the PLAINTIFFS and OPT-IN PLAINTIFFS pursuant to the SETTLEMENT AGREEMENT.

### IV.

### TERMS OF SETTLEMENT

32.   After the SETTLEMENT AGREEMENT is executed by PLAINTIFFS, OPT-IN PLAINTIFFS, DEFENDANT, and counsel for the PARTIES, the PARTIES shall submit this SETTLEMENT AGREEMENT (including all exhibits referenced herein) to the COURT and jointly move the COURT for the APPROVAL ORDER.   Except to the extent provided below with respect to the termination of this SETTLEMENT AGREEMENT, the PARTIES agree to use their best efforts to secure the APPROVAL ORDER from the COURT.

33.   The PARTIES agree that within fifteen (15) days following this COURT'S APPROVAL ORDER, DEFENDANT will issue SETTLEMENT PAYMENT checks in the total amount of Two Hundred Thousand Dollars ($200,000.00), which shall include a check in the amount of Seven Hundred and Fifty Dollars ($750.00) to the LWDA, and will also include payment

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO          8.          STIPULATION AND
SETTLEMENT AGREEMENT

to be allocated on a pro-rata basis among PLAINTIFFS, OPT-IN PLAINTIFFS, and for PLAINTIFFS' COUNSELS' FEES, COSTS AND EXPENSES. The PARTIES further agree that, three (3) months following this COURT'S APPROVAL ORDER, DEFENDANT will issue SETTLEMENT PAYMENT CHECKS in the total amount of Forty Thousand Dollars ($40,000.00) of the GROSS SETTLEMENT AMOUNT allocated on a pro-rata basis among PLAINTIFFS, OPT-IN PLAINTIFFS, and for PLAINTIFFS' COUNSELS' FEES, COSTS AND EXPENSES.

34.     The PARTIES agree the SETTLEMENT PAYMENTS, after DEFENDANT has made the payments described in Paragraph 33 above, to each PLAINTIFF and OPT-IN PLAINTIFF shall amount to:

| Name | Amount |
| --- | --- |
| James Warren Ash | $20,000 |
| Timothy E. Harris | $27,000 |
| David Troy Streva | $8,000 |
| Timothy D. Butler | $20,000 |
| Adam Linke | $5,000 |
| Giovanni Javier | $1,877 |
| Sandra Javier | $3,169 |
| Jeffrey Belton | $3,674 |
| Robert Sillas | $12,000 |
| Teresa Lam | $7,942 |
| David Andrew | $20,000 |

35.     The PARTIES agree that each SETTLEMENT PAYMENT to be issued to each PLAINTIFF and OPT-IN PLAINTIFF will be allocated as follows: thirty-three percent (33%) of each SETTLEMENT PAYMENT will be allocated as unpaid wages for which W-2 forms shall issue; thirty-three percent (33%) of each SETTLEMENT PAYMENT shall be allocated as penalties; and thirty-three percent (33%) of each SETTLEMENT PAYMENT shall be allocated as unpaid interest. The PARTIES agree that 1099-MISC forms will issue for the penalties and unpaid interest, if required. Nothing in this SETTLEMENT AGREEMENT is intended to constitute legal advice regarding the taxability of any amount paid hereunder or any other form of tax advice, nor shall be relied upon as such. The tax issues for each PLAINTIFF and OPT-IN PLAINTIFF are unique, and each PLAINTIFF and OPT-IN PLAINTIFF is advised to obtain tax advice from his or her own tax advisor with respect to any payments resulting from this settlement. DEFENDANT will not be held

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO                    9.                    STIPULATION AND
                                                                   SETTLEMENT AGREEMENT

responsible for individual tax liability, if any, found to exist on behalf of PLAINTIFFS and/or OPT-IN PLAINTIFFS.

## V.

## PLAINTIFFS' COUNSEL'S FEES, COSTS, AND EXPENSES

36.     The PARTIES agree that PLAINTIFFS' COUNSEL will receive the following attorneys' fees, costs and expenses: attorneys' fees in the amount of $42,536.00 payable to the THIERMAN BUCK LLP; attorneys' fees in the amount of $42,536.00 payable to ERIC M. EPSTEIN, APC; and costs and expenses in the amount of $25,516 payable to the THIERMAN BUCK LLP. DEFENDANT will not oppose PLAINTIFFS' COUNSELS' request for attorneys fees and costs in said amounts. The PARTIES agree DEFENDANT will issue pro-rata portions of PLAINTIFFS' COUNSEL'S FEES, COSTS AND EXPENSES in accordance with the schedule stated in Paragraph 33.

37.     If the COURT rules that any amount requested by PLAINTIFFS' COUNSEL for attorneys' fees, expenses or costs is excessive and reduces the same, only the reduced amount will be deemed to be PLAINTIFFS' COUNSEL'S FEES, COSTS AND EXPENSES for purposes of this SETTLEMENT AGREEMENT.  Any remaining or reduced amount(s) shall be retained by DEFENDANT.

38.     Payment of such PLAINTIFFS' COUNSEL'S FEES, COSTS AND EXPENSES to PLAINTIFFS' COUNSEL as set forth in this SETTLEMENT AGREEMENT shall constitute full satisfaction of any and all obligations by RELEASED PERSONS to pay any person, attorney, or law firm (including but not limited to PLAINTIFFS' COUNSEL) for attorneys' fees, expenses, or costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) incurred on behalf of all RELEASING PERSONS and shall relieve the RELEASED PERSONS of any other claims or liability to any person for any attorneys' fees, expenses, and costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) to which any person may claim to be entitled on behalf of any RELEASING PERSONS for this LITIGATION.  Upon payment of PLAINTIFFS' COUNSEL'S FEES, COSTS AND EXPENSES hereunder, PLAINTIFFS' COUNSEL and

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CASE NO. 3:14-cv-02183-WHO                    10.                    STIPULATION AND
                                                                    SETTLEMENT AGREEMENT